1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALICE KZIRIAN,<br><br>                Plaintiff,<br><br>   v.<br><br>SAN DIEGO POLICE DEPARTMENT,<br><br>                Defendant. | | Case No. 16-cv-01167-BAS(KSC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED** *IN FORMA PAUPERIS*<br><br>**[ECF No. 2]** |

On May 16, 2016, Plaintiff Alice Kzirian commenced this action against Defendant San Diego Police Department seeking redress for defamation and discrimination. (ECF No. 1.) On the same day, Plaintiff also filed a motion seeking leave to proceed *in forma pauperis* ("IFP"). (ECF No. 2.) For the reasons outlined below, the Court **DENIES** Plaintiff's motion to proceed IFP.

Under 28 U.S.C. § 1915, a litigant who because of indigency is unable to pay the required fees or security to commence a legal action may petition the court to proceed without making such payment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds,* 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining

whether the affiant has satisfied the statute's requirement of indigency"). It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See e.g., Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994), *vacated in part on other grounds, Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995) (finding that a district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family). Moreover, "*in forma pauperis* status may be acquired and lost during the course of litigation." *Wilson v. Dir. of Div. of Adult Insts.*, No. CIV S-06-0791, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321); *see also Allen v. Kelly*, 1995 WL 396860, at *2 (N.D. Cal. June 29, 1995) (holding that a plaintiff who was initially permitted to proceed *in forma pauperis* should be required to pay his $120 filing fee out of a $900 settlement). Finally, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Having read and considered Plaintiff's application, the Court finds that Plaintiff does not meet the requirements for IFP status under 28 U.S.C. § 1915. Plaintiff is not currently employed, but she has received money in the past twelve months from "Rent payments, royalties, interest or dividends" and "Social Security,

disability or other welfare." (IFP Mot. ¶ 3.) She has a checking account at Chase Bank with a balance of approximately $24,000. (*Id.* ¶ 4.) Plaintiff also owns real estate valued at approximately $550,000. (*Id.* ¶ 7.) Based on these circumstances, Plaintiff has adequate funds to pay the filing fee. Therefore, the Court cannot conclude that paying the court filing fees would impair Plaintiff's ability to obtain the necessities of life. *See Adkins*, 335 U.S. at 339.

In light of the foregoing, the Court **DENIES** Plaintiff's application to proceed *in forma pauperis* (ECF No. 2), and **DISMISSES WITHOUT PREJUDICE** the Complaint. Pursuant to this order, Plaintiff is granted leave for thirty days to pay the filing fee required to maintain this action pursuant to 28 U.S.C. § 1914, or to submit additional documentation regarding her financial status. **IF PLAINTIFF CHOOSES TO FILE ADDITIONAL INFORMATION REGARDING HER POVERTY, SHE MUST ATTACH A COPY OF THIS ORDER.** Additionally, Plaintiff is reminded that an IFP application is made under penalty of perjury, and any false statements may result in dismissal of her claims, imprisonment of not more than five years, or a fine. *See* 18 U.S.C. §§ 1621, 3571.

**IT IS SO ORDERED.**

**DATED:** May 27, 2016

Hon. Cynthia Bashant
United States District Judge