# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE KZIRIAN,<br><br>          Plaintiff,<br><br>  v.<br><br>SAN DIEGO POLICE DEPARTMENT,<br><br>          Defendant. | Case No. 16-cv-01167-BAS-KSC<br><br>**ORDER GRANTING CITY OF SAN DIEGO'S MOTION TO DISMISS**<br><br>**[ECF No. 11]** |

      Plaintiff Alice Kzirian commenced this action against Defendant San Diego Police Department ("SDPD"). Ms. Kzirian is proceeding *pro se*—without counsel. She filed requests to proceed *in forma pauperis*, but the Court denied her requests. Thus, Ms. Kzirian has paid the filing fee to proceed with her case. She seeks relief for discrimination and defamation of character.

      The City of San Diego moves to dismiss Ms. Kzirian's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim against Defendant. (ECF No. 11.) Alternatively, the City moves for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure. (*Id.*)

//

Ms. Kzirian has not filed an opposition to the City's motion. The Court nevertheless addresses the merits of the motion and does not deem Ms. Kzirian's failure to respond as consent to the granting of the motion. *See* Civ. L.R. 7.l(f)(3)(c). That said, the Court warns Ms. Kzirian that if she does not file a response to any future motion, the Court may grant the motion based on her failure to respond. *See id.*

The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). For the following reasons, the Court **GRANTS** the City's motion.

## I.     BACKGROUND

Ms. Kzirian alleges Dr. Kathy Rose was working as a member of an SDPD Psychiatric Emergency Response Team ("PERT"). (Complaint ("Compl.") 1:3–4, ECF No. 1.) Ms. Kzirian claims Dr. Rose "wrote a letter against [her]" without her knowledge and without meeting her beforehand. (*Id.* 1:4–7.) Because of this letter, Ms. Kzirian alleges that on June 14, 2012, ten police officers arrived at her property. (*Id.* 1:23–25.) One of the officers allegedly screamed at her that she "was going to be arrested and be placed in a mental hosp[ital]." (*Id.* 1:25–27.) Ms. Kzirian further alleges one officer "set [her] up" and that his conduct led to her next-door neighbor obtaining a restraining order against her. (*See id.* 1:27–28.) In addition, Ms. Kzirian alleges that, unbeknownst to her at the time, Dr. Rose had released the "extremely confidential" PERT letter to her next-door neighbor. (*Id.* 1:7–9, 21–22.)

Later, on May 15, 2013, Ms. Kzirian and her neighbor were at a hearing in San Diego Superior Court. (Compl. 1:8–11.) Ms. Kzirian alleges her neighbor handed the court bailiff a "pile of papers" that included the PERT letter. (*Id.* 1:11–17.) After reviewing these papers, the state court judge allegedly screamed at Ms. Kzirian's neighbor, asking her repeatedly where she had obtained the PERT letter. (*See id.*) The neighbor did not respond. (*Id.*) The judge also allegedly said Ms.

Kzirian is "a threat to society" and "should be lock[ed] up for good." (*Id.*)

Further, Ms. Kzirian alleges that in September and October 2014, the SDPD refused to or improperly responded to her complaints involving her same neighbor. (Compl. 2:1–24.) One incident involved Ms. Kzirian's neighbor allegedly calling her phone. (*Id.* 2:1–6.) Another incident involved her neighbor allegedly using a "laser on [Ms. Kzirian's] flood lights and security camera." (*Id.* 2:9–10.) Instead of stopping the conduct she was complaining about, one officer allegedly told Ms. Kzirian "to go back to France" and asked her personal questions about her financial situation. (*Id.* 2:10–13.) Ms. Kzirian also alleges her neighbor has been "flagging [the PERT letter] around" and telling other neighbors not to speak to her. (*Id.* 2:22–24.)

Based on these allegations, Ms. Kzirian brings claims against the SDPD for "discrimination" and "defamation of character." (Compl. 3:13–19.)

## II. **LEGAL STANDARD**

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. However, although the court has an obligation where

the plaintiff "is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt,'" *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it "may not supply essential elements of the claim that were not initially pled," *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Moreover, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." *Ivey*, 673 F.2d at 268.

"A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)); *see also Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (explaining that leave to amend should be given unless the deficiencies in the complaint cannot be cured by amendment).

## III. ANALYSIS

### A. Discrimination

Ms. Kzirian's discrimination claim does not identify the federal or state law she is seeking relief under. However, as Ms. Kzirian is proceeding *pro se*, the Court will construe Ms. Kzirian's discrimination claim as arising under 42 U.S.C. § 1983.

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person

acting under color of state law." *Chudacoff v. Univ. Med. Ctr. of S. Nevada*, 649 F.3d 1143, 1149 (9th Cir. 2011).

"[M]unicipalities and other local government units . . . [are] among those persons to whom § 1983 applies." *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 (1978). That said, "a municipality may *not* be held liable on a respondeat superior theory for the unconstitutional acts of its employees." *Hopper v. City of Pasco*, 241 F.3d 1067, 1082 (9th Cir. 2001). Instead, a municipality is responsible for a constitutional violation only when an "action [taken] pursuant to [an] official municipal policy of some nature" caused the violation. *Monell*, 436 U.S. at 691. Further, the plaintiff must demonstrate that the policy of the municipality "reflects deliberate indifference to the constitutional rights of its inhabitants." *City of Canton v. Harris*, 489 U.S. 378, 392 (1989).

Thus, "to establish liability for governmental entities under *Monell*, a plaintiff must prove "(1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (alterations in original) (quoting *Plumeau v. Sch. Dist. No. 40 Cty. of Yamhill*, 130 F.3d 432, 438 (9th Cir.1997)). "A policy can be one of action or inaction." *Long v. Cty. of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006). Further, the policy at issue may be either formal or informal. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988). An informal policy exists when a plaintiff can "prove the existence of a widespread practice that, although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a 'custom or usage' with the force of law.'" *Id.* (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167–68 (1970)).

In this case, Ms. Kzirian brings her claim against the SDPD. The SDPD is a department of the City of San Diego. Although the City is subject to suit as a

1  "person" under 42 U.S.C. § 1983, the SDPD is not. The term "person" under § 1983
2  "does not encompass municipal or county departments." *Nichols v. Brown*, 859 F.
3  Supp. 2d 1118, 1136 (C.D. Cal. 2012) (collecting cases). Consequently, Ms. Kzirian
4  would need to bring her claim against the City, not the SDPD. *See id.*

5        In addition, even if the Court were to assume that Ms. Kzirian's claim is being
6  brought against the City, she does not state a claim for relief. Ms. Kzirian does not
7  allege that the City has a relevant policy, that the policy amounts to deliberate
8  indifference to her constitutional right, or that the policy is the moving force behind
9  the alleged constitutional violation. *See Dougherty*, 654 F.3d at 900. Hence, she fails
10 to state a claim for relief under § 1983 against the City. *See id.*

11       Further, regardless of whether Ms. Kzirian is proceeding against the City, a
12 municipality, or an individual, she must allege a "deprivation of a right secured by
13 the Constitution and laws of the United States." *See Chudacoff*, 649 F.3d at 1149;
14 *see also Dougherty*, 654 F.3d at 900. The Court construes Ms. Kzirian's
15 discrimination claim as seeking to establish an equal protection violation. "To state
16 a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the
17 Fourteenth Amendment a plaintiff must show that the defendants acted with an intent
18 or purpose to discriminate against the plaintiff based upon membership in a protected
19 class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). A plaintiff may
20 also allege a "class of one" equal protection claim. *Teixeira v. Cty. of Alameda*, 822
21 F.3d 1047, 1053 (9th Cir. 2016). "A class-of-one claim is cognizable when a
22 'plaintiff alleges that she has been intentionally treated differently from others
23 similarly situated and that there is no rational basis for the difference in treatment.'"
24 *Id.* (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).

25       Here, Ms. Kzirian does not plausibly allege that the City "acted with an intent
26 or purpose to discriminate against [her] based upon membership in a protected
27 class," *see Barren*, 152 F.3d at 1194, or that she "has been intentionally treated
28 differently from others similarly situated and that there is no rational basis for the

1  difference in treatment," *see Teixeira*, 822 F.3d at 1053. Consequently, Ms. Kzirian
2  does not allege an equal protection violation to serve as the basis for her 42 U.S.C.
3  § 1983 claim.
4        In sum, the Court construes Ms. Kzirian's discrimination claim as arising
5  under 42 U.S.C. § 1983, but this claim will be dismissed because it fails to state a
6  claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). That said, the
7  Court will grant Ms. Kzirian leave to amend her claim because it is possible she can
8  state a claim for relief. *See Rosati*, 791 F.3d at 1039. Thus, the Court dismisses Ms.
9  Kzirian's discrimination claim with leave to amend.

### B. Defamation

Ms. Kzirian also brings a state law claim for defamation. The supplemental jurisdiction statute provides that this Court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all the claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Here, the Court has dismissed Ms. Kzirian's federal claim for the reasons discussed above. Therefore, the Court declines to exercise supplemental jurisdiction over her state law defamation claim. *See* 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001). Accordingly, the Court dismisses Ms. Kzirian's defamation claim without prejudice.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the City's motion to dismiss (ECF No. 11). Ms. Kzirian does not state a claim for relief under 42 U.S.C. § 1983; therefore, the Court dismisses her discrimination claim. Further, because Ms.

1  Kzirian does not state a federal claim, the Court declines to exercise supplemental
2  jurisdiction over her remaining state law defamation claim. The Court therefore
3  dismisses her Complaint in its entirety. If Ms. Kzirian chooses to correct the
4  deficiencies in her Complaint, she may file a First Amended Complaint no later than
5  **March 7, 2017**. Otherwise, this action will be dismissed.
6      **IT IS SO ORDERED.**

8  **DATED: February 14, 2017.**

                                                      Hon. Cynthia Bashant
                                                    United States District Judge